# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| ANIL KANCHARLA, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 1:25cv1540 |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | |

___

**Plaintiffs' Memorandum of Law in Opposition to Defendant Fannie Mae's Motion to Dismiss or in the Alternative, Motion for Leave to Amend**

**Legal Standard**

Plaintiffs have no dispute with the legal standard for consideration of Defendant Fannie Mae's Motion to Dismiss under Federal Rules of Civil Procedure (FRCP) 12(b)(6).

**Argument**

I. Fannie Mae is liable for William Pulte's statements because he is the Chairman of the Board of Directors of Fannie Mae.

Defendants argue that Fannie Mae cannot be held vicariously liable for the statements of William Pulte because there are no allegations that William Pulte (referred to by Defendant Fannie Mae as "Director Pulte")was either performing work assigned by Fannie Mae or engaging in a course oof conduct subject to Fannie Mae's control. (Def. Brief p. 6). However,

Paragraph 4 of the Complaint[1] clearly alleges that Director Pulte is, and this Court may take judicial notice, the Chairman of the Board of Directors of Fannie Mae, in addition to his other titles and responsibilities. Not only is Director Pulte an officer of this "private, shareholder-owned corporation" (Def. Brief p.2), he is the ultimate officer of Fannie Mae. Clearly the Chairman of the Board of Directors of Fannie Mae works on behalf of, and in furtherance of the interests of Fannie Mae.

But this entire line of argument is a red herring because the Complaint specifically alleges that Defendant Fannie Mae made, or at least adopted and rebroadcast, the actual defamatory statements. Paragraph 15 of the Complaint alleges that Director Pulte republished a statement made by Fannie Mae, which is explicitly demonstrated in Exhibit 1 to the Complaint: "Today the U.S. Federal Housing Finance Agency (U.S. Federal Housing FHFA) **and Fannie Mae** issued the following statement:"(emphasis added).

Director Pulte's agency and action on behalf of Fannie Mae are further admitted in the statement, as detailed in Paragraph 17 of the Complaint. Director Pulte is quoted as saying, "…**we** have fired over 100 employees from Fannie Mae who **we** caught engaging in unethical conduct, including facilitating fraud, against **our** great company." Paragraph 19 also details Director Pulte's statement on Fox News "The Ingraham Angle" show "**We** also found that they were making donations to the charity and then getting kickbacks – the internal company charity."

---

[1] The Complaint, as discussed by Defendant Fannie Mae, was originally filed in Virginia State Court, Fairfax County Circuit Court, then removed to the US District Court for the District of Virginia.

Fannie Mae then doubles down in Exhibit 1 as Priscilla Almodovar, then President and CEO of Fannie Mae, is quote as saying "I would like to thank Director Pulte for his empowering of Fannie Mae to root out unethical conduct, including anyone facilitating fraud.

"The Supreme Court of Virginia has clarified that an employee's act falls within the scope of his employment only if (1) the act "was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed ... with the intent to further the employer's interest." *Kensington Assocs. v. West* , 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987). Where an agent's tortious actions promote an employer's interests, respondeat superior generally applies." *Garnett v. Remedi Seniorcare of Va., LLC*, 892 F.3d 140 (4th Cir. 2018)

Defendants make an ancillary argument that the defamation is actually made by the US Government through Director Pulte (Def. Brief p.6) but make no explanation of the fact that Pulte also speaks as the Chairman of the Board of Directors of Fannie Mae, on behalf of Fannie Mae, and Fannie Mae speaks (or at a minimum adopts and rebroadcasts) those defamatory words as well.

In the end, not only is Fannie Mae vicariously liable for Director Pulte's defamatory statements under Virginia law (and guided by common sense), but Fannie Mae is itself liable for the statements issued by Fannie Mae in its own name.

II.     The Defamation is sufficiently alleged to be "of or concerning" the Plaintiffs

In its second argument, Fannie Mae seems to conflate Counts I and II of the Complaint for, respectively, Defamation per se and Defamation by Implication. As a preliminary matter, Defendant attempts to bury in a footnote its argument that accusing someone of unethical

conduct is opinion and thus not actionable. (Def. Brief p. 7)  This argument of course ignores eighty years of Virginia Supreme Court and Fourth Circuit precedent to the contrary.   Virgina law stands for the proposition that for a person whose profession depends on honesty and integrity, an allegation of "unethical conduct" is defamatory per se.

"Every false and unauthorized imputation, spoken, written or printed which imputes to a business or professional man conduct which tends to injure him in his business or profession is libelous and actionable without allegation or proof of special damages. Hence, words and statements which charge an attorney at law with unethical or unprofessional conduct, and which tend to injure or disgrace him in his profession are actionable per se." *Carwile v. Richmond Newspapers*, 82 S.E.2d 588, 196 Va. 1 (1954), 592 (internal cites omitted).

"To be actionable without proof of "special damages", we have held that the words must contain an imputation that is "necessarily hurtful" in its effect upon plaintiff's business and must affect him in  his particular trade or occupation."  *Fleming v. Moore*, 221 Va. 884, 275 S.E.2d 632 (1981), 636.(internal cites omitted)

"At common law, defamatory words which are actionable per se are:(1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or **want of integrity in the discharge of the duties of such an office or employment**. (4) Those which prejudice such person in his or her profession or trade." *Perk v. Vector Resources Group, Ltd*., 253 Va. 310, 485 S.E.2d 140 (1997), 144 (emphasis added).

"…we have long stated that "it is not necessary to make a writing libelous that the imputations should be made in the form of positive assertion." *Adams*, 58 Va. at 256. Therefore, " '[s]imply couching ... statements in terms of opinion does not dispel [factual] implications.' " *Raytheon Tech. Servs. Co. v. Hyland*, 273 Va. 292, 303, 641 S.E.2d 84, 91 (2007) (quoting *Milkovich,* 497 U.S. at 19, 110 S.Ct. 2695 )." *Schaecher v. Bouffault*, 772 S.E. 2d 589, 290 Va. 83 (2015), 102.

The main thrust of Defendant's Section II argument is that because the Plaintiffs are not identified by name, the statements cannot be defamatory. Defendant's own case law argues strongly to the contrary.

Virginia law for instance does not require that a Plaintiff be directly identified by name. "The plaintiff does not have to be mentioned by name in the publication. Rather, the "of or concerning" test is satisfied if the plaintiff shows that "the publication was intended to refer to him and would be so understood by persons reading it who knew him." Therefore, "if the publication on its face does not show that it applies to the plaintiff, the publication is not actionable, unless the allegations and supporting contemporaneous facts connect the libelous words to the plaintiff." Otherwise, any plaintiff could "adopt and apply to himself any libelous matter and obtain a recovery." *Hanks v. Wavy Broad. LLC*, Civil Action No. 2:11cv439 (E.D. Va. Feb 08, 2012), 10[2]

"To establish defamatory libel under Virginia law, [the Plaintiff] must demonstrate that the statement "was intended to refer to it and would be so understood by persons reading it who knew the [Plaintiff]" *Gazette, Inc. v. Harris*, 229 Va. 1, 325 S.E.2d 713, 738, cert. denied, *Fleming v. Moore*, 472 U.S. 1032, 105 S.Ct. 3513, 87 L.Ed.2d 643 (1985). "If the publication on

---

[2] This case is cited as Hanks v. Wavy Broadcasting, LLC, 2012 WL 405065 by Defendant in its brief at page 8

its face does not show that it applies to the plaintiff, the publication is not actionable, **unless the allegations and supporting contemporaneous facts connect the libelous words to the plaintiff**." Id. at 738." *Scheduled Airlines Traffic Offices v. Objective, Inc.*, 180 F.3d 583 (4th Cir. 1999), 593 (emphasis added).

Here, the Plaintiffs allege ample contemporaneous facts that tie them to the statements: they were all employees of Defendant (Compl. Paragraph 11); they were all fired at the same time en masse (Compl. Para. 13); they were fired within days of the defamatory statements being issued (Compl. Para. 15); and the statements referred to firing at least 100 employees (Compl. Para. 16 and 17). There is no doubt that these Plaintiffs can easily be linked by anyone who knows them to the statements made by and on behalf of Fannie Mae.

III. Plaintiffs' Claims do not violate Virginia's Anit-SLAPP Statute.

Defendant Fannie Mae alleges that because the Press Releases and Fox News statements attributable to Defendant are "matters of public concern", they must plead actual malice and fail to do so.

As a threshold matter, while the statements may address matters of public concern, the individual Plaintiffs are not themselves public figures. Plaintiff is not a public figure, and is not subject to the same test on which Defendant relies. Only a public figure must prove actual malice. *Jordan v. Kollman*, 269 Va. 569, 576-77 (2005). "The requisite intent a plaintiff must prove in a defamation action depends upon the plaintiff's status as a public or private figure and the damages sought. While it is within the province of the states to "define…the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private

individual, public figure plaintiffs are governed by the [New York Times "actual malice" standard]." Id.

Nonetheless, the Complaint is replete with allegations of actual malice regarding the statements: Compl. Para. 22-26; 31, 32, 42 and 43 all alleges facts tending to show that Fannie Mae made allegations of fraud and misconduct against the Plaintiff's when Fannie Mae knew that it had no evidence that any employee had committed fraud.

IV.    In the Alternative, Plaintiffs move for leave to amend.

To the extent that this Court find Plaintiff's Complaint to be insufficient in any way to survive Defendant's Motion to Dismiss, Plaintiff prays this court grant leave to amend their Complaint in accordance with FRCP15(a)(2). "The court should freely give leave when justice so requires.

Date: December 5, 2025

>Respectfully submitted,
>
>Anil Kancharla, et al
>
>_____/s/ Milton C. Johns_____
>
>Milton C. Johns, VSB No. 42305
>Executive Law Partners, PLLC
>11130 Fairfax Boulevard
>Suite 303
>Fairfax, VA 22030
>P: 571 500 1010
>F: 571 408 8102
>mjohns@xlppllc.com
>Counsel for Plaintiffs