**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| ANIL KANCHARLA, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No. 1:25cv1540 |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT FANNIE MAE'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**INTRODUCTION**

As the point of departure for this Opposition, Plaintiffs must note that Defendant Fannie Mae, in its Introduction, attempts to refer the court to "facts" that are not only nowhere before this court, but are also not actually cited in its own brief. Defendant's Motion to Dismiss, p. 1 (DKT No. 40).[1]  A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the truth of competing factual narratives. In deciding such a motion, the Court must accept the well-pleaded

---

[1] While Defendant argues in its introduction that Plaintiffs have failed to provide the Court "crucial details" the argument begs the question that Plaintiff have ever received any "details." To date, no individual Plaintiff, nor counsel for any individual Plaintiff, has been given any details about what any individual did to violate any alleged policy or guideline. Defendant cites to no criminal case, civil case, indictment, or corroborating fact to support its "crucial details." Defendant further cites to specific factual content Indian news reports later in its brief and asks the Court to take judicial notice without a supporting authority for such a leap. The inclusion of these extraneous sources of information and evidence is inappropriate in consideration of a FRCP 12(b)(6) motion and should be disregarded by the Court.

1

allegations as true and may not consider matters outside the pleadings. *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). If the Court considers extrinsic evidence, the motion must be converted to one for summary judgment under Rule 56 and the parties given an opportunity to present evidence. *Id.*

Nonetheless, no part of that narrative goes to the sufficiency of the allegations by Plaintiffs in the Amended Complaint; as discussed *infra*, those more than satisfy the legal standard to state a claim for defamation against Defendant Fannie Mae.

## I. LEGAL STANDARD

Plaintiffs have no dispute with the legal standard for consideration of Defendant Fannie Mae's Motion to Dismiss under Federal Rules of Civil Procedure (FRCP) 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Internal citations omitted.

## ARGUMENT

I.      Plaintiff has alleged that Fannie Mae made the defamatory statements and is liable for William Pulte's statements because he is the Chairman of the Board of Directors of Fannie Mae.

Defendants argue that Fannie Mae cannot be held vicariously liable for the statements of William Pulte because he is representing the United States Government and that there are no allegations that "Director Pulte" was either performing work assigned by Fannie Mae or

2

engaging in a course of conduct subject to Fannie Mae's control. Def. Brief p. 6-7(Dkt. No. 40).

Defendant also argues that because the action cannot be maintained against the United States,

they cannot be maintained against Fannie Mae because without primary liability, there is no

vicarious liability.  For the purpose of this Motion to Dismiss, however, this Court need not

engage in such analyses.[2]  The Amended Complaint directly alleges that Fannie Mae issued the

defamatory statements.  Paragraph 25 of the Amended Complaint (Dkt. No. 29) alleges, "On

April 8, 2025 Fannie Mae issued a press release along with FHFA, that begins: Today, the U.S.

Federal Housing Finance Agency (U.S. Federal Housing FHFA) and Fannie Mae issued the

following statement".  Paragraph 25 also refers to Exhibit 1 to the Amended Complaint.

Similarly, Paragraph 28 of the Amended Complaint alleges "The press release issued by Fannie

Mae and republished by Defendant Pulte contains the statement: "Fannie Mae Fires over 100

Employees for Unethical Conduct, Including the Facilitation of Fraud." Paragraph 29 alleges,

"The press release issued by Fannie Mae and republished by Defendant Pulte contains the

statement: 'Since my swearing-in, we fired over 100 employees from Fannie Mae who we

caught engaging in unethical conduct, including facilitating fraud, against our great company.

Anyone who commits fraud against Fannie Mae does so against the American people."[3]

Similarly, Paragraph 37 alleges: "Defendants Fannie Mae and Pulte both knew at the time

the statements were made that they had no evidence of any fraudulent behavior by any of the

Plaintiffs, and they made the statements anyway."

---

[2] The Court can take note that Defendant United States argues strenuously that Director Pulte was acting within the scope of his employment for the United States, which legal theory cannot "peacefully" co-exist with Defendant Fannie Mae's argument that he was not.

[3] Defendant again argues facts in its Motion to Dismiss at page 8 (Dkt. No 40) alleging the source of publication and alleging its contents. While Plaintiff as a factual matter disagrees with these characterizations and conclusions, they are nonetheless facts not before the Court and inappropriate for the Court's consideration at this stage.

To the extent that the Court wishes to explore the issue of vicarious liability, Defendant cites to no case law that stands for the proposition that Pulte's statements cannot be attributed to a private entity for whom he also holds a position of agency. In fact, established case law argues to the contrary…that Fannie Mae's actions are not governmental.

"Further, as conservator, the FHFA succeeded to "all rights, titles, powers, and privileges" of Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i). This language evinces Congress's intention to have the FHFA step into Fannie Mae's private shoes. *Perry Capital*, 848 F.3d at 1103 & n.22. When it stepped into these shoes, the FHFA "shed[] its government character and . . . [became] a private party." *See Meridian Invs.*, 855 F.3d at 579. But while the FHFA's status changed, the status of Fannie Mae, as the "shoes" into which the FHFA stepped, did not. *See United States ex rel. Adams v. Aurora Loan Servs., Inc.*, 813 F.3d 1259, 1261 (9th Cir. 2016) (explaining that the FHFA as conservator stepped into Fannie Mae's shoes, and "not the other way around")." *Herron v. Fannie Mae*, 861 F.3d 160, 169(DC Cir. 2017).

"By providing for the FHFA to succeed to the Companies' power to sue and be sued, the Congress has given its express consent that the FHFA is subject to suit in the same way the Companies would otherwise be when the agency acts on their behalf as conservator." *Perry Capital LLC ex rel. Inv. Funds v. Mnuchin*, 864 F.3d 591, 622 (DC Cir. 2017).

Thus it stands that Director Pulte as the Chairman of the Board of Fannie Mae has agency on behalf of the private entity Fannie Mae that is not subject to Federal immunity. "Congress has granted the FHFA the power to be sued just as the Companies would be absent a conservatorship insofar as the agency steps into the shoes of the Companies and acts on their behalf to defend alleged breaches of their obligations." *Perry Capital LLC ex rel. Inv. Funds at* 864 F.3d 591, 622-623 (DC Cir. 2017).

4

Director Pulte's agency and action on behalf of Fannie Mae are alleged in detail in Paragraphs 25 through 31. Amended Complaint p.7-8 (Dkt. No. 29).

"The Supreme Court of Virginia has clarified that an employee's act falls within the scope of his employment only if (1) the act "was expressly or impliedly directed by the employer, or is naturally incident to the business, and (2) it was performed ... with the intent to further the employer's interest." *Kensington Assocs. v. West* , 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987). Where an agent's tortious actions promote an employer's interests, respondeat superior generally applies." *Garnett v. Remedi Seniorcare of Va., LLC*, 892 F.3d 140 (4th Cir. 2018).

II.     The Defamation is sufficiently alleged to be "of or concerning" the Plaintiffs.

In its second argument, Fannie Mae seems to conflate Counts I and II of the Complaint for, respectively, Defamation per se and Defamation by Implication. As a preliminary matter, Defendant argues in a footnote that accusing someone of unethical conduct is opinion and thus not actionable. Def. Brief p. 12 (Dkt. No. 40)  This argument of course ignores eighty years of Virginia Supreme Court and Fourth Circuit precedence to the contrary.   Virgina law stands for the proposition that for a person whose profession depends on honesty and integrity, an allegation of "unethical conduct" is defamatory per se.

"Every false and unauthorized imputation, spoken, written or printed which imputes to a business or professional man conduct which tends to injure him in his business or profession is libelous and actionable without allegation or proof of special damages. Hence, words and statements which charge an attorney at law with unethical or unprofessional conduct, and which tend to injure or disgrace him in his profession are actionable per se." *Carwile v. Richmond Newspapers*, 82 S.E.2d 588, 196 Va. 1 (1954), 592 (internal cites omitted).

5

"To be actionable without proof of "special damages", we have held that the words must contain an imputation that is "necessarily hurtful" in its effect upon plaintiff's business and must affect him in his particular trade or occupation." *Fleming v. Moore*, 221 Va. 884, 275 S.E.2d 632 (1981), 636.(internal cites omitted).

"At common law, defamatory words which are actionable per se are:  (1) Those which impute to a person the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Those which impute that a person is infected with some contagious disease, where if the charge is true, it would exclude the party from society. (3) Those which impute to a person unfitness to perform the duties of an office or employment of profit, or **want of integrity in the discharge of the duties of such an office or employment**. (4) Those which prejudice such person in his or her profession or trade." *Perk v. Vector Resources Group, Ltd.*, 253 Va. 310, 485 S.E.2d 140 (1997), 144 (emphasis added).

"…we have long stated that "it is not necessary to make a writing libelous that the imputations should be made in the form of positive assertion." *Adams*, 58 Va. at 256. Therefore, " '[s]imply couching ... statements in terms of opinion does not dispel [factual] implications.' " *Raytheon Tech. Servs. Co. v. Hyland*, 273 Va. 292, 303, 641 S.E.2d 84, 91 (2007) (quoting *Milkovich,* 497 U.S. at 19, 110 S.Ct. 2695 )." *Schaecher v. Bouffault*, 772 S.E. 2d 589, 290 Va. 83 (2015), 102.

The main thrust of Defendant's Section II argument is that because the Plaintiffs are not identified by name, the statements cannot be defamatory. Defendant's own case law argues strongly to the contrary.

Virginia law for instance does not require that a Plaintiff be directly identified by name. "The plaintiff does not have to be mentioned by name in the publication. Rather, the "of or

6

concerning" test is satisfied if the plaintiff shows that "the publication was intended to refer to him and would be so understood by persons reading it who knew him." Therefore, "if the publication on its face does not show that it applies to the plaintiff, the publication is not actionable, unless the allegations and supporting contemporaneous facts connect the libelous words to the plaintiff." Otherwise, any plaintiff could "adopt and apply to himself any libelous matter and obtain a recovery." *Hanks v. Wavy Broad. LLC*, Civil Action No. 2:11cv439 (E.D. Va. Feb 08, 2012), 10[4]

"To establish defamatory libel under Virginia law, [the Plaintiff] must demonstrate that the statement "was intended to refer to it and would be so understood by persons reading it who knew the [Plaintiff]" *Gazette, Inc. v. Harris*, 229 Va. 1, 325 S.E.2d 713, 738, cert. denied, *Fleming v. Moore*, 472 U.S. 1032, 105 S.Ct. 3513, 87 L.Ed.2d 643 (1985). "If the publication on its face does not show that it applies to the plaintiff, the publication is not actionable, **unless the allegations and supporting contemporaneous facts connect the libelous words to the plaintiff**." Id. at 738." *Scheduled Airlines Traffic Offices v. Objective, Inc*., 180 F.3d 583 (4th Cir. 1999), 593 (emphasis added).

Here, the Plaintiffs allege ample contemporaneous facts that tie them to the statements: they were all employees of Defendant (Amend. Compl. Paragraphs 2, 19); they were all fired at the same time en masse (Compl. Para. 21); they were fired within days of the defamatory statements being issued (Compl. Para. 25); and the statements referred to firing over 100 employees (Compl. Para. 26 and 28). There is no doubt that these Plaintiffs can easily be linked by anyone who knows them to the statements made by and on behalf of Fannie Mae. For the purposes of analysis on Motion to Dismiss, must view the complaint in the light most favorable

---

[4] This case is cited as Hanks v. Wavy Broadcasting, LLC, 2012 WL 405065 by Defendant in its brief at page 9

7

to the Plaintiff.  "In considering such a motion, we accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) Internal citations omitted.

None of the cases cited by Defendant have the same factual allegations or procedural posture as in the Amended Complaint.  In *Hanks v. Wavy Broad. LLC*, Civil Action No. 2:11cv439 (E.D. Va. Feb 08, 2012),  at 21 the alleged defamatory statement was found by the court to refer to "tax preparers" as a "class" and that not every "tax preparer" was "unscrupulous." Here the allegations are specifically to over 100 employees fired since the swearing-in of Director Pulte. *Scheduled Airlines Traffic Offices, Inc. v. Objective Inc.*, 180 F.3d 583(4th Cir. 1999) involves a motion for summary judgment and not a motion to dismiss under FRCP 12(b)(6), which has a different standard and in which evidence was taken at trial. Thus the holding is inapposite to the case at bar because the court was ruling on the evidence presented at trial and not how the case was pled. In *Ewell v. Boutwell*, 138 Va. 402 (Va. 1924), the operative words of defamation alleged were "it was the purpose of several unscrupulous rich men to lower the personnel of the Association so as to make it possible to smuggle in whiskey and dope; and that there was a political scheme on foot to establish a state machine." The Virginia Supreme Court affirmed the ruling of the trial court. "The court found that a large class of persons were referred to in the publication and that unless plaintiff could also aver some facts or circumstances from which it could be fairly inferred that he had so acted in pursuance of his honest purposes as a former and prospective member of the General Assembly that persons reading the article would conclude therefrom that he was thereby accused of co-operating and conspiring with the iniquitous class of rich men, political tricksters, and bootleggers against whom the imputations were directly made, he had not alleged a cause of action." *Ewell*, 138 Va. at 404.

The statement at issue refers to specific individuals ascertainable by the identification of their employer (Fannie Mae), the timing of their firing, and the number of individuals fired.

Likewise, Defendants other cases are not analogous. *Fornshill v. Ruddy*, 891 F. Supp. 1062 (D. Md. 1995) is another summary judgment case where the court reviewed the pleadings and extrinsic evidence filed. "Generally, the question of whether a publication is of and concerning a defamation plaintiff is a matter for the jury to decide. See The Gazette, Inc. v. Harris, 229 Va. 1, 325 S.E.2d 713 (1985). However, in the face of a motion for summary judgment a defamation Plaintiff must do more than argue that the "of and concerning" question is a jury question. He must present evidence capable of supporting a triable issue that the alleged defamatory publications were of and concerning him. Fed. R. Civ. 56(e); see generally, Rosenblatt, 383 U.S. at 75. To hold otherwise would suggest that the "of and concerning" requirement is not a true element of defamation." *Fornshill*, 891 F. Supp. At 1070 (D. Md. 1995).

Finally, the quote put forward by Defendant from Tomlin v. Int'l Bus. Machs. Corp., 84 Va. Cir. 280, 296, 298 (Va. Cir. Ct. 2012) is incomplete. There, three Plaintiffs sued Defendant IBM for defamation (among a host of other common law torts). The Virginia Circuit Court said, "Neither Mr. Tomlin nor Mr. Williams is mentioned by name in the allegedly defamatory statements at issue. The statements purportedly made by Minton-Package, if in fact published, can be deemed to have been done so "of or concerning" Mr. Tomlin. It is clear from the face of the alleged statements made by Minton-Package that they apply and refer not only to Ms. Tomlin, but also to her brother, Mr. Tomlin." *Tomlin v. IBM Corp*., 84 Va. Cir. 280, 298. Thus, it was only as to the third Plaintiff that the court determined the statements at issue were not "of or concerning" that Plaintiff.

III.     Plaintiffs' Claims do not violate Virginia's Anit-SLAPP Statute.

Defendant Fannie Mae alleges that because the Press Releases and Fox News statements attributable to Defendant are "matters of public concern", they must plead actual malice and fail to do so.

Even under Virginia's anti-SLAPP statute – Va. Code Ann. §8.01-223 – the requirement for malice is met in the Amended Complaint.  The Amended Complaint specifically alleges that Defendants knew the statements were false, or they knew that there was no evidence to prove that they were true, making the statements reckless with regard to the falsity of the statements.

The Complaint is replete with allegations of actual malice regarding the statements: Compl. Para. 36-38; 41, 42, 44 and 47 all allege facts tending to show that Fannie Mae made allegations of fraud and misconduct against the Plaintiff's when Fannie Mae knew that it had no evidence that any employee had committed fraud. The Amended Complaint also alleges that the Plaintiffs were singled out because of their ethnicity and national origin in Paragraphs 23-24 and 35.

IV.     In the Alternative, Plaintiffs move for leave to amend.

To the extent that this Court find Plaintiff's Complaint to be insufficient in any way to survive Defendant's Motion to Dismiss, Plaintiff prays this court grant leave to amend their Complaint for one final time in accordance with FRCP15(a)(2). "The court should freely give leave when justice so requires."

Respectfully submitted,
Anil Kancharla, et al.


/s/ Milton C. Johns

By: _____

Milton C. Johns, VSB No. 42305
EXECUTIVE LAW PARTNERS, PLLC
11130 Fairfax Boulevard, Suite 303
Fairfax, VA 22030
571-500-1010
571-408-8102 (f)
mjohns@xlppllc.com
*Counsel for Plaintiffs*


**CERTIFICATE OF SERVICE**


I hereby certify that on March 16, 2026, I filed the foregoing with the Court's ECF

system, which will send electronic notice of the same to all counsel of record.


/s/ Milton C. Johns

_____

Milton C. Johns

11